**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 12-00127 VAP (OPx)                    Date:  August 3, 2012

Title:     SUE TSANG, AKA SUESING TSANG -v- SELECT PORTFOLIO SERVICING, INC., et al.
===============================================================
PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                               None Present
        Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR                   ATTORNEYS PRESENT FOR
PLAINTIFFS:                             DEFENDANTS:

        None                                        None

PROCEEDINGS:   MINUTE ORDER 1) GRANTING PLAINTIFF'S MOTION TO REMAND (DOC. NO. 8); 2) DECLINING TO RULE ON DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 4, 9, 26); AND 3) DECLINING TO RULE ON DEFENDANTS' MOTION TO STRIKE ALLEGATIONS IN THE COMPLAINT (DOC. NO. 5)  (IN CHAMBERS)

      Before the Court is (1) a Motion to Remand this Action to the California Superior Court for the County of Riverside ("Motion to Remand") filed by Plaintiff Sue Tsang ("Plaintiff"); (2) a Motion to Dismiss this Action filed by Defendants Select

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

Portfolio Servicing, Inc. ("SPS"), U.S. Bank,[1] National Default Servicing Corporation ("NDS"), and William J. Idleman ("Mr. Idleman") (collectively, "Defendants"[2]); (3) a Motion to Strike Allegations in the Complaint filed by Defendants; (4) a Motion to Dismiss this Action filed by Defendant Dyke O'Neal ("O'Neal"); and (5) a Motion to Dismiss this Action filed by Defendant Litton Loan Servicing LP ("Litton"). The Court has considered all papers in support of, and in opposition to, the Motions and finds all matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. The Court GRANTS Plaintiff's Motion to Remand and DECLINES TO RULE on all Motions to Dismiss and the Motion to Strike.

## I. BACKGROUND
### A. Procedural History

Plaintiff, proceeding pro se, filed a Complaint ("Complaint") in the Superior Court of California for the County of Riverside on November 21, 2011, raising sixteen causes of action arising out of the non-judicial foreclosure proceedings on 14351 Asterleaf Lane, Corona, CA 92880 ("Subject Property"). (Doc. No. 1.) On January 27, 2012, Defendants removed this Action ("Notice of Removal") on the basis of this Court's diversity jurisdiction, contending complete diversity existed because Mr. Idleman had been fraudulently joined. (Not. of Removal (Doc. No. 1) ¶ 10.) Defendant O'Neal and Defendant Litton did not join in the Notice of Removal.[3] Plaintiff filed her Motion to Remand on February 6, 2012, contending Mr. Idleman

---

[1] Defendant U.S. Bank's full title, according to the filed papers, is "U.S. Bank National Association, as Trustee, on behalf of the holders of the Credit Suisse First Boston Mortgage Security Corporation, Home Equity Pass Through Certificates, Series 2007-1." (See Defts.' Mot. to Dismiss (Doc. No. 4) at 1.)

[2] For clarity's sake, all references to "Defendants" do not include Defendant O'Neal and Defendant Litton.

[3] Since Plaintiff had not served any named defendant with a copy of the Summons and Complaint at the time Defendants removed this Action, discussed infra, Defendant O'Neal's and Defendant Litton's failure to join in the Notice of Removal does not create a procedural defect in the Notice of Removal necessitating remand. (See Not. of Removal ¶ 24.)

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

had not been fraudulently joined. (Mot. to Remand (Doc. No. 8) at 6.) On February 13, 2012, Defendants filed an Opposition to Plaintiff's Motion to Remand ("Opposition"), in which they reiterated complete diversity exists between the non-fraudulently joined parties. (Opp'n (Doc. No. 17) at 4.) Plaintiff Replied to Defendant's Opposition ("Reply") on March 1, 2012. (Doc. No. 24.)

Defendants moved to dismiss the Complaint ("Motion to Dismiss") and to strike allegations in the Complaint ("Motion to Strike") on February 3, 2012. (Doc. Nos. 4, 5.) Defendants argue Plaintiff's claims fail as a matter of law because the Complaint does not allege proper tender - a necessary element in challenging a foreclosure sale - or sufficient facts to support her other claims. (Mot. to Dismiss at 3.) On February 8, 2012, Plaintiff filed her Oppositions to Defendants' Motion to Dismiss and Motion to Strike. (Doc. Nos. 11, 12.) Defendants filed their Reply to Plaintiff's Oppositions on February 27, 2012. (Doc. Nos. 18, 19.)

Defendant O'Neal then moved to dismiss Plaintiff's Complaint on February 8, 2012. (Doc. No. 9.) In support of this Motion, Defendant O'Neal requested the Court take judicial notice of:
1. The first deed of trust between Plaintiff and Ownit Mortgage Solutions, Inc.;
2. The second deed of trust between Plaintiff and Ownit;
3. The assignment of the second deed of trust from MERS to U.S. Bank;
4. Notice of default and election to sell under the first deed of trust;
5. Notice of Trustee's Sale; and
6. Trustee's deed upon sale.

(Def. O'Neal's Req. for Judicial Not. (Doc. No. 10) at 1-2.)

Defendant Litton also moved to dismiss Plaintiff's Complaint on March 13, 2012. (Doc. No. 26.) In support of this Motion, Defendant Litton requested the Court take judicial notice of:
1. The first deed of trust and the adjustable rate balloon rider;
2. The second deed of trust;
3. The assignment of mortgage as to the first deed of trust;
4. Notice of default and election to sell under the first deed of trust;
5. The substitution of trustee as to the first deed of trust;

**EDCV 12-00127 VAP (OPx)**
**SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.**
**MINUTE ORDER of August 3, 2012**

    6.    Notice of Trustee's Sale; and
    7.    The trustee's deed upon sale as to the first deed of trust.
(Def. Litton's Req. for Judicial Not. (Doc. No. 27) at 2-3.)

    The Court, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, vacated oral arguments for all the abovementioned Motions to decide the matters on the papers filed timely. (See Doc. Nos. 15, 25, 28.)

**B.    Plaintiff's Allegations**
    Plaintiff, facing financial hardship, sought to modify her residential real property loan (the "Loan") with Defendants. (Compl. ¶ 13.) Even though Plaintiff represented she was ready and able to modify the Loan, had begun negotiating with Defendants, and sent Defendants the required documents at least 22 times, Defendants refused to modify her Loan. (Id. ¶ 19.)

    Defendants then scheduled a Trustee's Sale on the Subject Property, even though Defendants did not have a valid lien, follow proper pre-sale procedures, or notify Plaintiff of the sale. (Id. ¶¶ 20-21.) Plaintiff filed suit in Riverside Superior Court to prevent the Trustee's Sale from occurring, and that court postponed the Trustee's Sale. (Id. ¶¶ 22-23.) In the meantime, Defendants told Plaintiff she could stave off foreclosure by proceeding with a short sale of the Subject Property. (Id. ¶ 25.) Plaintiff submitted multiple purchase offers to Defendants, but Defendants still proceeded with the Trustee's Sale. (Id. ¶¶ 26-29.)

    After completion of the Trustee's Sale, Defendants broke into Plaintiff's house. (Id. ¶¶ 30-31, 167-173.) During the foreclosure proceedings, Defendants committed various torts, including trespass, intentional infliction of emotional distress, and negligence. (Id. ¶¶ 92, 164-65, 170-71, 181, 197.) In sum, Plaintiff alleged 16 different claims[4] against Defendants, including Defendant O'Neal and Defendant

---

[4] Plaintiff alleged seven causes of action against all Defendants, including Defendant O'Neal and Defendant Litton: (1) wrongful foreclosure and violation of Cal. Civ. Code §§ 2923.5, 2923.6, 2924, et seq.; (2) declaratory relief; (3) relief to
(continued...)

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

Litton, seeking a reformation of the Loan, a declaration of the parties' rights with respect to the Subject Property, and monetary damages. (Id. at 38-40.)

## II. LEGAL STANDARD
### A. Motion to Remand

A defendant may remove to federal court, "any civil action brought in State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Where a defendant removes an action according to 28 U.S.C. § 1441(b), that defendant has the burden to prove the court has subject matter jurisdiction over the action. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Where the defendant bases subject matter jurisdiction on 28 U.S.C. § 1332(b), the defendant then must establish: complete diversity between the parties and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

Plaintiff moves to remand this case to the Riverside Superior Court because the parties are not completely diverse. "Complete diversity" exists "where the citizenship of each plaintiff is different from that of each defendant." Hunter v. Phillip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). "[A]bsent complete diversity[,] a case is not removable because the district court would lack original jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 564 (2005). The Ninth Circuit held recently that an allegation of diversity between the parties needs "more than just a recitation of the legal conclusion that the parties are diverse," but the court "did not impose a heightened pleading requirement or dictate a precise

---

[4](...continued)
quiet title (fraudulent conveyance); (4) rescission; (5) actual fraud and violation of Cal. Civ. Code § 1572; (6) unjust enrichment; and (7) breach of implied covenant of good faith and fair dealing. (Compl. at 1.) Plaintiff averred nine additional causes of action against Defendant SPS and Defendant Idleman: (1) reformation; (2) violation of Cal. Bus. & Prof. Code §17200; (3) deceit; (4) promissory estoppel; (5) forcible entry; (6) trespass; (7) intentional infliction of emotional distress; (8) negligence; and (9) violation of the Rosenthal Act, Cal. Civ. Code § 1788.17. (Id.)

manner for pleading subject matter jurisdiction." Harris v. Rand, ___F.3d___, 2012 WL 2126060, *3-4 (9th Cir. June 13, 2012).

Nevertheless, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Hunter, 582 F.3d at 1043 (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). "Fraudulent joinder . . . is a term of art." Morris, 236 F.3d at 1067 (internal quotations omitted). To establish fraudulent joinder, a defendant must prove the plaintiff failed to state a claim against the non-diverse defendant. McCabe v. Gen. Food Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). That is, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003) (quoting McCabe, 811 F.2d at 1339.)

Defendants, as the removing party charging fraudulent joinder, bear the "heavy burden" of showing Plaintiff's Complaint "obviously fails" to state a claim against Mr. Idleman. Hunter, 582 F.3d at 1044. As the Court must construe the removal statute strictly against removal jurisdiction, jurisdiction will be rejected if there is any doubt as to the right of removal. See Gaus, 980 F.2d at 566. The corollary to this rule is that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter, 582 F.3d at 1046 (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)).

## B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In addition, the Court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from

**EDCV 12-00127 VAP (OPx)**
**SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.**
**MINUTE ORDER of August 3, 2012**

them – as true.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 545.  "[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 129 S. Ct. at 1949 (citations omitted).
> The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556).

The Ninth Circuit clarified recently that a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, a court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

If a court concludes dismissal is appropriate, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). A court should deny leave to amend only on a showing of bad faith, undue delay, prejudice to the opposing party, or futility of the amendment. Royal Ins. Co. of Am. v. Sw. Marine, 194 F.3d 1009, 1016 (9th Cir. 1999).

### III. DISCUSSION

"[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." Potter v. Hughes, 546 F.3d 1051, 1061 (9th Cir. 2008). In removal actions "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999). Accordingly, the Court addresses Plaintiff's Motion to Remand before considering the various Motions to Dismiss and Motion to Strike.

Plaintiff contends this Court lacks subject matter jurisdiction over this action because removal was untimely, Mr. Idleman was not fraudulently joined, and the amount in controversy does not exceed $75,000.00. (Mot. to Remand at 5-7, 23.) Plaintiff also seeks attorneys' fees and costs incurred as a result of removal. (Reply at 3.)

### A. Motion to Remand

It is the Court's responsibility to determine whether it has subject matter jurisdiction over this case. 28 U.S.C. § 1447(c). If the Court lacks power to hear the case, the Court must remand the entire action. Id.

#### 1. Timeliness

Plaintiff contends Defendants' removal of this action was untimely. According to Plaintiff, "[t]he complaint was filed and served on Defendants on November 19, 2011." (Compl. at 3.) Defendants filed their Notice of Removal on January 27,

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

2012. (Not. of Removal at 4.) Since this was over 30 days after the filing and serving of the action, Plaintiff argues removal was improper and this Court must remand the entire action.

Defendant contends removal was timely since "no defendant named in the Action ha[d] been properly served with the Summons or Complaint as of the date of this notice." (Not. of Removal ¶ 24.) Thus, the thirty-day statutory period for removal never began to run and, "[a]s a result, the consent of the other named parties is not required for removal." (Id.)

Plaintiff has not established removal is untimely. "The notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). Neither Plaintiff's Complaint nor her Motion to Remand contain proof she served Defendants, including Defendant O'Neal and Defendant Litton, properly. Plaintiff does attach a Declaration of Due Diligence for Substituted Service to her Reply, but that declaration only states the Complaint was delivered to Defendants, not the Summons. (Reply Ex. 2.) Since proper service of process requires delivery of a copy of the Summons and Complaint, Defendants were not served properly. The applicable time-limit for an improperly served defendant to remove an action is one year. Defendants removed this action within that one year time-limit; removal is thus timely. 28 U.S.C. § 1446.

Additionally, the Court notes that since Defendant O'Neal and Defendant Litton were not served properly, their failure to join in, or consent to, the Notice of Removal does not make Defendants' Notice of Removal procedurally deficient under 28 U.S.C. § 1446(b)(2)(B).

### 2. Diversity of Citizenship

It is undisputed Plaintiff and Mr. Idleman are both citizens of California. (Compl. ¶ 1; Not. of Removal ¶ 11; Opp'n at 2.) Accordingly, for removal jurisdiction to exist, Defendants must prove Plaintiff fraudulently joined Mr. Idleman "by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). In considering the issue of fraudulent joinder, the Court does not confine its jurisdictional inquiry to Plaintiff's pleadings alone. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Defendants are "entitled to

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

present the facts showing joinder to be fraudulent," id., but the Court resolves all factual disputes in favor of Plaintiff, see Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

Plaintiff asserts 16 claims against Mr. Idleman, but she "need only have one potentially valid claim against a non-diverse defendant" to withstand a challenge on the basis of fraudulent joinder. Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) (quoting Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 993 (D. Nev. 2005)). Since Defendants do not show by clear and convincing evidence Plaintiff's trespass claim against Mr. Idleman would "obviously fail," the Court lacks subject matter jurisdiction over this Action.

Specifically, Plaintiff's claim for trespass against Mr. Idleman does not "obviously fail" under the trespass law of California. (See Compl. ¶¶ 167-73.) In California, a trespass claim protects a possessory interest in land. Spinks v. Equity Residential Briarwood Apartments, 171 Cal. App. 4th 1004, 1042 (2009). A legal right to the property at issue is not a prerequisite to maintain a trespass claim. Id. Thus, a trespass claim may exist where there is an unlawful interference with a present possessory interest, regardless of whether the plaintiff alleges proper title to the real property. Brenner v. Haley, 185 Cal. App. 2d 183, 187 (1960). Trespass does, however, require a showing of intent: "There is no liability for a trespass unless the trespass is intentional, the result of recklessness or negligence, or the result of injuries in an extra-hazardous activity." Smith v. Lockheed Propulsion Co., 247 Cal. App. 2d 774, 784 (1967) (quoting Rest. (2d) of Torts §§ 158, 165-66 (1965)). Nevertheless, the "intent required as a basis for liability as a trespasser is simply an intent to be at the place on the land where the trespass allegedly occurred." Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463, 1480 (1986) (quoting Prosser and Keeton on Torts § 13, at 73 (5th ed. 1984)).

Here, Plaintiff states sufficient facts to allege a claim of trespass against Mr. Idleman. Plaintiff averred her possessory interest in the Subject Property, stating she "was in the actual and peaceful possession of the premises." (Compl. ¶ 160.) Plaintiff then alleged Mr. Idleman interfered unlawfully with her possessory interest by claiming "[o]n or about September 12, 2011[,] Mr. Idleman, without Plaintiff's consent forcibly entered and took possession of the premises by changing the locks

**EDCV 12-00127 VAP (OPx)**
**SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.**
**MINUTE ORDER of August 3, 2012**

of the Subject Property . . . without right." (Compl. ¶ 162.) According to these allegations, Plaintiff was in possession of the Subject Property and Mr. Idleman took possession by entering forcibly and changing the locks of Plaintiff's house. Plaintiff has therefore alleged sufficient facts to withstand a fraudulent joinder inquiry; Plaintiff's claim for trespass does not "obviously fail" on the face of her Complaint.

It is Defendants' burden, as the removing party, to persuade the Court that all of Plaintiff's 16 claims "obviously fail" to create a possibility that Plaintiff can recover from Mr. Idleman. See Nasrawi, 776 F. Supp. 2d at 1170 (plaintiff needs only one claim that does not "obviously fail" as to a non-diverse defendant to withstand fraudulent joinder attack). Defendants have not met their burden here. Defendants assert Mr. Idleman's joinder was fraudulent because the Complaint is procedurally deficient and does not contain sufficient factual allegations to implicate Mr. Idleman in a personal capacity. (Opp'n at 3.) Mr. Idleman also states he has never been to the Subject Property. (Decl. of William J. Idleman "Idleman Decl." (Doc. No. 17).)

Defendants first attack the procedural sufficiency of the Complaint, claiming "[b]eyond the conclusory allegations there are no supporting facts alleged" to implicate Mr. Idleman in this action. (See Opp'n at 3.) Defendants do not indicate which of Plaintiff's allegations are conclusory and thus fail to illustrate how each of Plaintiff's 16 claims fail as to Mr. Idleman.

Defendants next contend Plaintiff's contradictory allegations[5] illustrate Plaintiff

---

[5] Plaintiff describes the alleged trespass inconsistently throughout her Complaint: sometimes averring Mr. Idleman trespassed, (see Compl. ¶ 162), other times that SPS trespassed, (see id. ¶¶ 30-31), and still other times it is unclear who trespassed, (see id. ¶¶ 52, 69, 163, 169, 178-79, 184, 190). Whether Plaintiff was present at her house at the time of the alleged trespass is also not clear. (Compare id. ¶ 160 ("at all times mentioned in this complaint . . . [Plaintiff] was in the actual and peaceful possession of the premises . . ."), with Mot. to Remand at 2 ("Defendants
(continued...)

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

fraudulently joined Mr. Idleman to destroy complete diversity. Contradictory and inconsistent allegations in the Complaint, however, do not minimize Plaintiff's possibility of success; in fact, "[a] party may state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). During the initial pleading stage, such inconsistent allegations are not "an admission against another alternative or inconsistent pleading in the same case . . . ." Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985). Thus, pointing out inconsistencies in the Complaint as a whole does not satisfy Defendants' burden here. Defendants make no argument as to how these inconsistencies implicate Plaintiff's possibility of success on her trespass claim, much less her 15 remaining claims. In fact, the only argument Defendants make - that Mr. Idleman has never been to the Subject Property - indicates that Plaintiff's Complaint has indeed put Mr. Idleman on notice as to the events underlying her trespass claim.[6] (See Idleman Decl. ¶ 3.) As such, Defendants have not established any procedural defects in Plaintiff's trespass claim that prove Plaintiff fraudulently joined Defendant Idleman.

Defendants next argue Plaintiff's trespass claim "obviously fails" because Defendant Idleman has never been to the Subject Property. (Id.) This assertion on its own, though, is not enough to establish fraudulent joinder. While Defendants state correctly that the Court may consider other evidence beyond the allegations in the pleadings to determine fraudulent joinder, Defendants may not present defenses that address the merits of Plaintiff's claims to prove fraudulent joinder. See Ritchey, 139 F.3d at 1318 (distinguishing a statute of limitations defense, which may prove

---

[5](...continued)
unlawfully forced entry to Plaintiff's home . . . while Plaintiff was out of town.").) While inconsistent, these allegations do not show Plaintiff's trespass claim "obviously fails" under California trespass law.

[6] Federal pleading practice requires that a complaint "give fair notice" and "enable the opposing party to defend itself effectively." Starr, 653 F.3d at 1216. Defendant Idleman's Declaration indicates Plaintiff has done that here.

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

fraudulent joinder, from other defenses that go to the merits of a plaintiff's claim, which are not permissible to establish fraudulent joinder). The Court also resolves all factual disputes in favor of Plaintiff at the fraudulent joinder juncture. See Good, 5 F. Supp. 2d at 807 (citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992) (indicating that all questions of fact should be resolved in favor of the non-removing party)).

In Hunter v. Phillip Morris USA, 582 F.3d 1039 (9th Cir. 2009), the Ninth Circuit emphasized that defenses which address the merits of a plaintiff's claim are impermissible to establish fraudulent joinder. Id. at 1045. There, the defendant attempted to prove fraudulent joinder by arguing "that the plaintiff's [product liability] claim is impliedly preempted by federal law." Id. The court distinguished a preemption defense from the statute of limitations defense. The statute of limitations defense, which the Ninth Circuit held to be a permissible area of inquiry during a fraudulent joinder determination, is a "rather unique defense that does not truly go to the merits of the plaintiff's claim in any real sense. Instead it virtually admits the validity of the cause of action and the plaintiff's right to collect upon it, but asserts that the plaintiff waited too long to pursue [his or her claim]." Id. (internal quotations omitted). The preemption defense, "by contrast, goes to the merits of the plaintiff's case." Id. Since the defendants relied upon a defense addressing the merits of the plaintiff's case, the court could not say "the plaintiff's failure to state a claim against the resident defendant is obvious according to the settled rules of the state." Id. The court then remanded the case because the defendants failed to prove the plaintiff fraudulently joined the non-diverse defendants.

The principle established in Hunter - when a defense "requires an inquiry into the merits of the plaintiff's claim . . . the defendant has failed to overcome the strong presumption against removal jurisdiction" - applies here. Id. Defendants contend Mr. Idleman "has never been to the [subject] property." (Opp'n at 3; Idleman Decl. ¶ 3.) Whether Defendant Idleman has been to the Subject Property is a factual question upon which Plaintiff's trespass claim rests. Defendants' averment thus goes to the merits of Plaintiff's trespass claim against Mr. Idleman, specifically, to whether there was an actual unlawful interference with Plaintiff's possessory interest

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

by Mr. Idleman. Since the Court does not consider such a defense at the fraudulent joinder juncture, Defendants do not prove Plaintiff's failure to recover from Mr. Idleman is obvious according to California's trespass law.[7]

Lastly, Defendants argue Plaintiff fraudulently joined Mr. Idleman to destroy diversity jurisdiction by attempting to implicate him "in a personal, rather than a representative capacity." (Opp'n at 3.) But, Defendants cite no legal authority indicating that a trespass claim "obviously fails" when alleged against an attorney, nor has the Court found any case law supporting this proposition. As such, Plaintiff's trespass claim against Mr. Idleman does not "obviously fail" under the settled law of California simply because Mr. Idleman is an attorney.

Defendants have not persuaded the Court, by clear and convincing evidence, that Plaintiff's trespass claim "obviously fails" to establish the possibility of recovering from Mr. Idleman. Having found Plaintiff did not fraudulently join Mr. Idleman - a non-diverse party - to this action, the Court does not address whether Defendants met their burden as to the remaining 15 claims against Mr. Idleman. See Nasrawi, 776 F. Supp. 2d at 1170 (indicating that one potentially valid claim is enough to defeat a claim of fraudulent joinder).

### 3.   Amount in Controversy

The Court declines to rule on whether the amount in controversy exceeds $75,000.00 since there is not complete diversity between the parties to this suit. 28 U.S.C. § 1332(a).

### 4.   Plaintiff's Request for Attorneys' Fees

Plaintiff contends she "should be reimbursed $2,000 for her attorney fees and costs incurred in bringing her motion to remand." (Reply at 3.) "Pro se plaintiffs,

---

[7] Even if the Court did consider this argument, Defendants still do not prove fraudulent joinder since all factual disputes are settled in favor of Plaintiff. Reading the factual dispute with respect to Mr. Idleman's presence on the Subject Property in favor of Plaintiff, it is not "obvious" Plaintiff's claim would fail.

EDCV 12-00127 VAP (OPx)
SUE TSANG, AKA SUESING TSANG v. SELECT PORTFOLIO SERVICING, INC., et al.
MINUTE ORDER of August 3, 2012

though, are not entitled to attorney's fees." <u>Blanchard v. Morton Sch. Dist.</u>, 509 F.3d 934, 936 (9th Cir. 2007) (citing <u>Kay v. Ehrler</u>, 499 U.S. 432, 438 (1991)). Accordingly, Plaintiff's request for attorneys' fees is denied.

**B.     Motions to Dismiss and Motion to Strike**
     Since the Court lacks subject matter jurisdiction over this case, the Court declines to reach the merits of the various Motions to Dismiss and Motion to Strike.

## IV. CONCLUSION

For the foregoing reasons, the Court:
  (1)   GRANTS Plaintiff's Motion to Remand to the California Superior Court, County of Riverside;
  (2)   DECLINES TO RULE on Defendants' Motions to Dismiss;
  (3)   DECLINES TO RULE on Defendants' Motion to Strike Allegations in the Complaint; and
  (4)   REMANDS the entire action to the California Superior Court for the County of Riverside for further proceedings.

**IT IS SO ORDERED.**